## Sutkowski Estate

*Philip Werner*, for accountant.

*Edmund B. Spaeth, Jr.*, and *Philip A. Bregy*, of *MacCoy, Evans & Lewis*, for distributee.

*Frederick Fiegenberg* and *Judith J. Jamison*, for Commonwealth.

BOLGER, J., May 6, 1960.—By adjudication dated September 26, 1955, Judge Saylor confirmed the account of David Zwanetz, administrator, and awarded the balance amounting to $898.18 to Joseph Sutkowski, brother and next of kin of decedent, and directed the amount to be paid to the clerk of this court ". . . pending determination of whether the distributee is living, and ascertainment of his whereabouts. . . ."

The matter was referred to me after a petition had been filed requesting payment of the amount to Ostroff, Anderson & Lawler as attorneys for Joseph Sutkowski. No action was taken on this petition. Subsequently there was presented and is annexed hereto power of attorney naming MacCoy, Evans & Lewis, attorney-in-fact for Joseph Sutkowski. This power of attorney was acknowledged by Joseph Sutkowski in the presence of the American Consul at Warsaw, Poland, who certified that he knew the affiant and that he freely and voluntarily acknowledged that he had

signed it. It is necessary to consider solely the fact whether Joseph Sutkowski could have the free use and enjoyment of the above sum of money if it were transmitted to him in Poland.

Reference should be made at the outset to Zupko Estate, 15 D. & C. 2d 442, and to Aras Estate, 16 D. & C. 2d 635. In both of the above cited cases, considerable testimony was taken relating to conditions existing in the U. S. S. R. and in Yugoslavia.

In the present case substantial and credible evidence was presented. One of the witnesses appeared with the permission of the Department of Commerce of the United States. At the time he testified he was Chief of the East European Section of the Department. His testimony indicated clearly that the Government of the United States and that of Poland have consummated in recent years loans in substantial sums. This witness stated that through the United States Embassy in Warsaw, the Department of Commerce is in regular daily contact with the economic conditions existing in Poland.

A banking institution has been established, known as Pekao, for the purpose of receiving funds to which Polish residents are entitled from the estates of persons dying outside of that country, and also for the purpose of receiving remittances from living persons. This bank then permits the recipient of the funds to purchase goods at roughly the equivalent of the market price of the same or similar goods in this country. In fact, many of the items in the inventory maintained by Pekao are purchased from the United States. Under existing circumstances, the distributee in the present case, upon being advised that the funds have reached Pekao, can purchase the full dollar value of the goods maintained by Pekao and if he chose to do so, could then sell these goods to either private individuals or even to the State-owned stores.

The Secretary of the Treasury is authorized by law (Act of October 9, 1940, as amended, 54 Stat. 1086, 31 U. S. C. §123) to determine the countries to which United States Treasury checks may not be sent because local conditions preclude assurance that the payee will receive the check or, if he receives it, will be able to negotiate for its full value.

The witness testified, and with authority, that the Government of the United States, through its Treasury Department, is regularly remitting to those persons who are residents in Poland and entitled to receive payments from the Veterans Administration and Social Security.

He pointed out that the only limitation in sending packages to Polish residents is the limitation imposed by the United States Postal Regulations and that statistics indicated that approximately 1,000,000 pounds of gift parcels per month are going through the post office and being received in Poland by the persons to whom they are addressed where the recipient is obliged to pay a published duty which is approximately 10 percent or may be as low as four percent. He also said that in many instances no duty is charged, including in this category American magazines.

The rate of exchange through Pekao is most favorable to the distributee and it is possible for a Polish resident by accepting goods in lieu of dollars to greatly exceed the legal rate of exchange which at the present time is 24 zlotys per dollar.

In Doktor's Will, 183 N. Y. S. 2d 60, following a hearing similar to the one held in the instant case, the court found "that the rate of exchange between Polish and American currency is now six times more favorable than it was a few years ago" and the court also found "these legacies are exempt from all Polish taxes including inheritance taxes".

Testimony of a similar nature was introduced by a witness employed in the Foreign Department of a Philadelphia bank who has traveled extensively in Poland since 1957.

It was also established that private enterprise, including private ownership of farms limited to 120 acres, and private industry limited to 50 employes, is presently permitted.

The auditing judge is satisfied that at the present time Joseph Sutkowski will, upon receipt of his inheritance, receive the use, benefit and enjoyment if the funds are remitted through Pekao.

It is evident that, at the present, efforts are being made to obtain the benefit of American dollars and residents of Poland are being encouraged through permissive use of them to enjoy remittances coming from this country. Testimony was also given and specific instances of remittances from the estates of Polish Nationals to beneficiaries in this country.

I am persuaded that the Treasury Department of the United States, through diplomatic channels, is completely satisfied that persons entitled to payments from the Treasury Department will enjoy the beneficial use thereof. I realize that at any time the Government of Poland could be compelled as a member of the Soviet bloc to completely reverse its present policy and therefore this opinion must not be considered as a precedent, but must be subject to a change in the treatment of Polish Nationals with respect to foreign funds.

The amount involved is less than $1,000. If it exceeded that amount, not more than $100 should be initially remitted and the personal representative would have the responsibility of making periodical distributions, having first produced evidence of the actual recept of each preceding payment.

742

And now, May 6, 1960, the clerk of the orphans' court is ordered to distribute to MacCoy, Evans & Lewis, attorney-in-fact for Joseph Sutkowski, the sum of $898.18, less proper poundage, conditioned, however, on the fact that MacCoy, Evans & Lewis, attorney-in-fact, shall exhibit proof to me that the net amount has been remitted through Pekao in Poland.